Jessica Anne Betley, Assistant U.S., Office of the U.S. Attorney, Great Falls, MT, Leif Johnson, Assistant U.S., Office of the U.S. Attorney, Billings, MT, Michael T. Wolfe, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Orrin Eugene Hernandez appeals from the 37–month sentence imposed following his guilty-plea conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court erred in imposing a two-level vulnerable victim enhancement. The district court did not abuse its discretion in imposing the enhancement. See U.S.S.G. § 3A1.1(b); United States v. Rising Sun, 522 F.3d 989, 993 (9th Cir.2008) (imposition of vulnerable victim enhancement is reviewed for abuse of discretion); United States v. Weischedel, 201 F.3d 1250, 1254–55 (9th Cir.2000) (to determine vulnerability, the court examines "personal traits of the victims and the specific circumstances in which the victims found themselves when the crimes were committed, and ask[s] whether there were any characteristics or circumstances that made the victims particularly susceptible to the crime").

**AFFIRMED.**

UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel Joseph SALAZAR,
Defendant–Appellant.

No. 11–50106.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2012.*

Filed May 21, 2012.

Bruce R. Castetter, Assistant U.S., Victor Pablo White, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Assistant Appellate Supervisor, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Daniel Joseph Salazar appeals from the 46–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salazar contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to deviate from the advisory sentencing Guidelines based on policy differences with the Guidelines. The record reflects that the district court was aware of its discretion to deviate from the Guidelines, but chose not to do so. *See United States v. Henderson,* 649 F.3d 955, 964 (9th Cir.2011) ("[D]istrict courts are not obligated to vary from the . . . Guide-lines on policy grounds if they do not have, in fact, a policy disagreement with them.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

